**Darnell Dukes**
FULL NAME

COMMITTED NAME (if different)

**K.V.S.P. P.O.Box 5104. Delano, CA 93216**
FULL ADDRESS INCLUDING NAME OF INSTITUTION

**E-56356**
PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**Darnell Dukes,**
PLAINTIFF,

v.

B.M. Cash, Warden. P. Finander, M.D. J. Fittel, M.D. R. Medrano, M.D. P. Galbraith, H.C.A.C. Dr. Chinw. olukanmi, P.A.
DEFENDANT(S).

CASE NUMBER

**CV11 09460** (MAN)
To be supplied by the Clerk

CIVIL RIGHTS COMPLAINT
PURSUANT TO *(Check one)*

☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☒ Yes  ☐ No

   (550)

2. If your answer to "1." is yes, how many? __3__

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

   Darnell Dukes. V. J. Villanueva, et. al.



LODGED
CLERK, U.S. DISTRICT COURT

NOV 14 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY



RECEIVED
CLERK, U.S. DISTRICT COURT

NOV - 8 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

(Attachment)

1   (Previous Lawsuits)
2   a. Parties to this previous lawsuit:
3   Plaintiff, Darnell Dukes.
4   Defendants, K. Spence, et, Al.
5   b. Court. Southern District Court (San Diego)
6   c. Docket Number, 09-CV-0580 L-(WVG)
7   d. Name of judge to whom case was assigned, William
8   V. Gallo.
9   e. Disposition: still pending.
10  f. Issues Raised: Eighth Amendment violation, cruel and
11  unusual punishment, Unnecessary use of force, failure
12  to intervene.
13  g. Approximate date of filing lawsuit: 7-6-09
14  h. Approximate date of disposition, (still pending.)
15  *
16  a. Parties to this previous lawsuit:
17  Plaintiff, Darnell Dukes.
18  Defendants, V. Lizaola, et, al.
19  b. Court. Northern District Court (San Francisco)
20  c. Docket Number, CV-10-0864 (CRB)
21  d. Name of judge to whom case was assigned, Charles
22  R. Breyer.
23  e. Disposition: still pending.
24  f. issues raised: Eighth Amendment violations, cruel and
25  unusual punishment, denial of equal protection, code of sil-
26  ence failure to report misconduct by another employee.
27  g. Approximate date of filing lawsuit: 11-25-09
28  h. Approximate date of disposition, (still pending.).



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

a. Parties to this previous lawsuit:
   Plaintiff __Darnell Dukes__

   Defendants __J. Villanueva, A. Navarro.__

b. Court __Southern District Court (San Diego)__

c. Docket or case number __3:09-CV-00580-LAB-JMA__

d. Name of judge to whom case was assigned __Jan M. Adler.__

e. Disposition (For example: Was the case dismissed?  If so, what was the basis for dismissal?  Was it appealed?  Is it still pending?) __finalized via trial__

f. Issues raised: __Eighth Amendment Violation causing injury, cruel and unusual punishment__

g. Approximate date of filing lawsuit: __3-19-09__

h. Approximate date of disposition __3-1-11__

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes   ☐ No

   If your answer is no, explain why not _____

   _____

3. Is the grievance procedure completed? ☒ Yes   ☐ No

   If your answer is no, explain why not _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff __Darnell Dukes__
(print plaintiff's name)

who presently resides at __K.V.S.P. P.O. Box 5104, Delano, CA. 93216.__
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

__California State Prison, 44750 60th St West, Lancaster, CA. 93539-4430__
(institution/city where violation occurred)

# EXHAUSTION OF ADMINISTRATIVE REMEDIES
# ATTACHMENT

Plaintiff has exhausted all available administrative remedies at California state Prison-Lancaster and at the Directors Level. please see: Attachment.

# Health Care Appeals Office - California State Prison, Los Angeles Co.
# Inmate/Parolee Appeals Screening Form

Name: DARNELL DUKES          CDC : E56356          Housing: FCB200000000125

Log #: _____          Tracking #: IA-25-2010-10312

Your appeal is being returned to you for the following reasons:

> You have not adequately completed the Inmate/Parolee form (CDC 602) or attached
> documents. PLEASE ATTACH THE FOLLOWING ITEMS: Supporting Documents.

Comment:

Mr. Dukes Again, the duplicate to appeal # 09-13664 already completed in which physical therapy was
approved and morphine was denied. In regards to surgery and a transfer to a medical facility please
follow procedure as follows. The 602-HC Form is not a request form to see a medical provider. If you
need to be seen by medical staff you need to submit a CDC 7362 Health Care Services Request Form
to the medical department. If you already have done so, please provide copies and resubmit with your
appeal. When you submit a CDC 7362, please retain the "GOLD" inmate copy as proof of your
submission.

NOTE: This screening action may not be appealed unless you allege that the above reason(s) is
inaccurate.  In such case, return this form and your appeal to the Health Care Appeals Office with the
necessary information.

R. GALBRAITH,
HEALTH CARE APPEALS COORDINATOR
California State Prison, Los Angeles Co.

Date: 2/2/10

RECEIVED
OTLA-HC
JUN 8 2010
HC APPEALS

NOTE Failure to follow  instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d).
This screening decision may not be appealed.  If you believe this screen out is in error, please return this form to the Health Care Appeals
Coordinator with an explanation of why you believe it to be in error, and supporting documents.  You have only 15 days to comply with the
above directives.

***PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE***

Data Source: MATS Database, printed on 2/2/2010

received 2-10-10 Dukes

# Health Care Appeals Office - California State Prison, Los Angeles Co.
## Inmate/Parolee Appeals Screening Form

Name: DARNELL DUKES          CDC : E56356          Housing: FCB200000000125

Log #:                              Tracking #: IA-25-2010-10312

Your appeal is being returned to you for the following reasons:

You submitted a DUPLICATE appeal on the same issue: ORIGINAL ALREADY
COMPLETED..

Comment:

Duplicate to appeal # 09-13664 already completed in which your physical therapy was approved and
morphine was denied. IN regards to surgery and a transfer to a medical facility please follow procedure
as follows. The 602-HC Form is not a request form to see a medical provider.  If you need to be seen
by medical staff you need to submit a CDC 7362 Health Care Services Request Form to the medical
department. If you already have done so, please provide copies and resubmit with your appeal. When
you submit a CDC 7362, please retain the "GOLD" inmate copy as proof of your submission.

NOTE: This screening action may not be appealed unless you allege that the above reason(s) is
inaccurate.  In such case, return this form and your appeal to the Health Care Appeals Office with the
necessary information.

P. GALBRAITH,          *Did NOT sign*          Date     *Did NOT DATE*
HEALTH CARE APPEALS COORDINATOR
California State Prison, Los Angeles Co.

NOTE: Failure to follow  instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d).
This screening decision may not be appealed.  If you believe this screen out is in error, please return this form to the Health Care Appeals
Coordinator with an explanation of why you believe it to be in error, and supporting documents.  You have only 15 days to comply with the
above directives.

**\*\*\*PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE\*\*\***

Data Source: MATS Database, printed on 1/22/2010

(COPY)

(copy)

## Inmate Request For Interview

1-27-10

To: Health Care Appeals Coordinator, P. GALBRAITH.

C2-125L.

From: Inmate, DUKES, E56356.

This appeal tracking # IA-25-2010-10312. is not a duplicate of appeal # 09-13664 (i did not ask for physical therapy, i requested "surgery", "morphine" physical therapy after surgery! where in appeal # 09-13664. i never asked for surgery, etc. so please help me understand how these stated appeals are the same! please provide log!

RECEIVED
OTLA-HC
JUN 8 2010
HC APPEALS

---

COPY

2-19-10

## INMATE REQUEST FOR INTERVIEW

C2-125L

To: Health Care Appeals Coordinator
From: Inmate, DUKES.
E56356.

IN RE: screenout.

This is my final attempt to receive log & process for appeal tracking # IA-25-2010-10312. or i shall file a Petition for writ of Habeas Corpus. i will rely on Bradley V. Hall, depriving me of access to the court and prison grievance system. i will also prove that you have in fact twisted reality by exaggeration of facts knowing that appeals # IA-25-2009-13664 and IA-25-2010-10312 are not duplicates! which the courts will also agree! i will be able to show the courts that that these two appeals are not the "same" and that the (appeals system) here at (LAC) has a problem with abuse of authority! again, i did not request physical therapy! what good is physical therapy without surgery? or pain medication? that would be like having a car without motor! the bottom line is your reasons for screening this appeal out is inaccurate! last but not least i know this (602) is not to see a medical provider it is to demand what i am entitled to "surgery" therefore provide log number per: title 15 of (CDCR).

RECEIVED
OTLA-HC
JUN 8 2010
HC APPEALS

COPY

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 4-12-10 | P. Galbraith. Health care Appeals coordinator. | DUKES | E.56356 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER FROM → TO |
|---|---|---|---|
| C2 | 125L | — | |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS FROM — TO |
|---|---|
| — | |

### Clearly state your reason for requesting this interview.
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I just sent a request form to your office 3-29-10 requesting all of my appeals and log numbers for the ones that do not have them? however, you refuse to do your job so my next step will be to file a staff complaint against you within 7 days of this final request for "my due process" forward my appeals A.S.A.P.

INTERVIEWED BY                                                      DATE

DISPOSITION

## CALIFORNIA STATE PRISON, LOS ANGELES COUNTY

### INMATE APPEAL RESPONSE

**RE: Appeal Log #**          LAC-25-10-10312
                                          **Second** Level Response

                                          **DUKES   E56356**

INMATE COPY

**APPEAL DECISION:**          PARTIALLY GRANTED

**APPEAL ISSUE:**          MEDICAL

At the **First** Level of your appeal you state that you received arthroscopic surgery in 2006 at PVSP however in 2007 MRI mentioned some metallic artifact present with the joints likely from a clip to control bleeding left in the shoulder during surgery. You claim to have extreme an unbearable pain due to disability per Title 15 3084.7 (k)

At the **Second** Level of your appeal you state dissatisfaction in that the reviewer has twisted reality by claiming that you walked out and refused evaluation! The inhumane treatment at hand speaks for itself; there is also nothing in the Title 15, that justifies cruel and unusual punishment or deliberate indifference to serious medical needs such as yours. You state you are in unbearable pain and being denied your rights to entitled medical treatment!

**Action Requested:**
1. Renew morphine
2. Surgery within 30 days
3. Transfer to a medical facility
4. Physical therapy after removal of clip that was left inside his arm by surgeon

**Appeal Response:**

On April 23, 2010, for second level review, P. Finander, M.D., Chief Medical Officer reviewed your CDCR 602-HC and all submitted documentation per policy and procedure.   Dr. Finander's review finds that on July 13, 2006 for a radial cuff tear of the left shoulder you underwent an open radial cuff repair, coracoacromial ligament release and a partial acromioplasty.  However, another orthopedic surgeon as early as January 8, 2008 that you had " painful limited range of motion of the left shoulder" (painful frozen shoulder) and that a "recent MRI showed only a metallic artifact but that there was not a full thickness tear of the left shoulder". ·

Metallic clips and wires left in after surgery are designed to remain in the body indefinitely and are not to be removed unless there is migration or infection.  An X-ray of your left shoulder taken February 2, 2009 was within normal limits.  Physical examination by CSP-LAC medical providers has found that you have limited range of motion of the left shoulder without localized tenderness, muscle atrophy or a positive drop sign. This is indicative of adhesive capsulitis/frozen shoulder. Painful frozen shoulder without a full thickness rotator cuff tear is treated with physical therapy and an aggressive home exercise program in which the patient performs the prescribed (by the physical therapist) exercises dozens of times

RECEIVED
O?LA-HC
JUN  8 2010
HC APPEALS

Page 2 of 2
RE: Appeal Log #LAC-25-10-10312
Second Level Response
DUKES  E56356

each day as well as pain relief in the form of anti-inflammatory drugs (NSAIDs).  After a course of physical therapy with aggressive home exercise program, a referral to an orthopedic surgeon may be needed in a small number of cases.  Please see http://www.mayoclinic.com/health/frozen-shoulder/DS00416 for a review of the treatment of frozen shoulder.  A referral for you to have a physical therapy evaluation has been approved. It is noted that you refused to have a scheduled physical therapy evaluation on January 26, 2010.   There is no medical necessity for you to have an unspecified surgery at this time. Transfer to another CDCR prison is under the domain of Custody and will not be addressed in this appeal. The medical necessity of morphine has not been established and will not be ordered. Your request for morphine, removal of a metallic clip left in after your 206 shoulder surgery, and an unspecified surgery is denied as a physician has evaluated you and the physician determined that your request is not medically necessary. This decision is based on the criteria set forth in CCR Title 15, Section 3350 (a)(b)(1)(4)(5), which states that the medical department shall only provide medical services for inmates based on medical necessity and supported by outcome data as effective medical care. It is inappropriate for an inmate-patient to recommend a treatment plan and then expect a CDCR Medical Provider to implement the requested treatment plan.  Medical treatment is determined by a Medical Provider based on their evaluation, diagnosis and CDCR policy. You have now added new issues, items. medications, procedures, or referrals at the Second Level of Appeal which were not requested at the First Level of Appeal.  These additional requested items will not be addressed on this appeal as you have not attempted to resolve this issue at the informal level per the criteria set forth in CCR Title 15, Section 3084.3(c) 4.  You need to present this issue (these issues) on a separate CDC 602-HC form to allow institutional staff the opportunity to respond and possibly resolve this issue at a lower level.

### Appeal Decision:
Based on all available information and the requested action, this appeal is PARTIALLY GRANTED at the Second Level of Review in that your have been referred for a physical therapy evaluation.   Your request for an unspecified type of surgery within thirty days, Morphine, transfer to another CDCR facility and removal of metallic clip placed in left shoulder during prior surgery July 13, 2006 is denied as described above.

If dissatisfied, add data or reasons for requesting a Director's Level of Review and mail to the Third Level within 15 days of receipt of this response.


_P. Finander MD, MBA_                    4/28/10
**P. FINANDER M.D., M.B.A.**              Date
Chief Medical Officer


_P. Shank_                               4/29/10
**P. SHANK**                             Date
Chief Executive Officer, Health Care (A)

RECEIVED
OTLA-HC
JUN  8 2010

PF/pg

STATE OF CALIFORNIA                                                              J. Clark Kelso, Receiver

PRISON HEALTH CARE SERVICES

**Date:**     January 20, 2011

**To:**       DUKES, DARNELL (E56356)
              California State Prison – LA County
              P.O. Box 4670
              Lancaster, CA 93539-4670

**From:**     California Prison Health Care Services
              Office of Third Level Appeals - Health Care
              P.O. Box 4038
              Sacramento, CA 95821-4038

**Tracking/Log # :**    LAC HC 10002856      Institution Tracking/Log # : LAC-25-10-10312

This appeal was reviewed on behalf of the Director, California Department of Corrections and Rehabilitation
(CDCR), by staff under the supervision of the Health Program Manager III. All submitted information has been
considered.

## DIRECTOR'S LEVEL DECISION:

Appeal is denied.

## ISSUES:

Your CDCR 602-HC indicated that you received arthroscopic surgery in 2006 while housed at Pleasant Valley
State Prison; in 2007 a Magnetic Resonance Imaging (MRI), revealed that you had some metal in your joints; you
refer to appeal institution log number RJD-2-08-01078 which noted that the MRI did not show a new rotator cuff
but did show a metal artifact likely from a clip to control bleeding left in your shoulder during surgery; California
State Prison – Los Angeles County (LAC) violates the Plata settlement by allowing doctors to make their own
rules and policies by illegally discontinuing the much needed pain medication.

You requested the following: to have morphine provided for pain, to be transferred to a medical facility so you
could have surgery on your shoulder; and then a follow up of physical therapy.

## PRIOR APPEAL HISTORY:

Informal Level:
Your appeal was converted from a CDCR 1824, Reasonable Modification or Accommodation Request, to a
CDCR 602-HC Inmate/Parolee Appeal Form as it did not meet the criteria to be processed as a CDCR 1824.

The informal level was bypassed and the appeal was elevated from the informal level to the first level of review.

First Level:
At the first level, submitted on January 7, 2010, you stated your issues and requests as noted above.

The First Level Response (FLR) stated your appeal was denied and indicated that your Unit Health Record
(UHR) was reviewed; it was determined that the services/procedures  requested were neither medically necessary
nor appropriate medical care at the present time; since they did not meet the CDCR policy and Interqual evidence
based criteria. Additionally it was documented that you refused evaluation and exited out of the examination
room.

D.,DUKES, E56356
LAC HC 10002856
Page 2 of 3

<u>Second Level:</u>
At the second level, submitted on March 17, 2010, you stated you were dissatisfied as the reviewer had it "twisted," you did not walk out and refuse evaluation; nothing in the California Code of Regulations (CCR), Title 15, justified cruel and unusual punishment or the deliberate indifference to your serious medical needs.

The Second Level Response (SLR) stated your appeal was partially granted and indicated:
- On April 23, 2010, Dr. Finander reviewed your file and noted the following: that you underwent surgery; which as of January 8, 2008, you still had "painful limited range of motion of the left shoulder";
- on February 2, 2009, you had an x-ray that was within normal limits; LAC medical providers found you have a limited range of motion which is treated with physical therapy and an aggressive home exercise program and anti-inflammatory drugs;
- a referral for you to have a physical therapy evaluation was approved; it was noted that you were to have a scheduled physical therapy evaluation on January 26, 2010, that you refused.
- Your request to be transferred was a custody issue and would not be addressed.
- The request for morphine was denied as it was not medically indicated.
- Your request for surgery was also not medically indicated.

**BASIS FOR DIRECTOR'S LEVEL DECISION:**

At the Director's Level of Review (DLR), submitted on May 18, 2010, you stated the Chief Medical Officer was in violation of the CCR, Title 15 by returning an appeal and intentionally refusing to sign and date.

A review of the appeal and prior appeals filed was performed and revealed the following:

At the DLR, your appeal file and documents obtained from your UHR were reviewed by staff who determined your care related to your appeal issues was adequate as you received medical treatment and medication was provided and your concerns were appropriately addressed at the FLR and SLR.
- On April 8, 2010, appeal log number OTLA-51-10-11737 (Institution Log #LAC-25-09-13664) was returned to you denied. In this appeal you also requested morphine for your shoulder; in the response of aforementioned appeal it was noted that on January 19, 2010, you were approved for physical therapy; on January 26, 2010, you refused your PT appointment. Therefore, since both issues of morphine and PT requests for your shoulder were already addressed. Please familiarize yourself with appeal rejection criteria via CCR, Title 15, Section 3084.3(c) 2.
- On January 13, 2011, your medication profile was reviewed which indicated that you are receiving medications as indicated by your Primary Care Provider (PCP); you are again encouraged to work with your PCP regarding your medication requests as well as specialty medical appointments that may be made for you.
- As stated at the SLR, your request for surgery within 30 days was not medically indicated pursuant to CCR, Title 15, section 3350 (a)(b)(1)(4)(5).
- On January 20, 2011, confirmation from California State Prison-LA County (LAC), Health Care Appeals staff was received that you were provided a PT visit on December 14, 2010. The PT recommended PT once a week for six weeks.
- In regards to your request to be transferred to another institution, the medical appeal is not the appropriate venue for transfer requests. You may submit an Inmate Request for Interview form (GA-22), to meet with your Correctional Counselor to discuss your desire to be transferred.

Inmates may not demand particular medication, diagnostic evaluation, or course of treatment. The CCR, Title 15, Section 3354, Health Care Responsibilities and Limitations, (a) Authorized Staff, states, "Only facility-employed health care staff, contractors paid to perform health services for the facility, or persons employed as health care consultants shall be permitted within the scope of their licensure, to diagnose illness or, prescribe medication and health care treatment for inmates.  No other personnel or inmate may do so."

D..DUKES, E56356
LAC HC 10002856
Page 3 of 3

It is noted you added additional issues at the SLR and DLR. These issues will not be addressed, as you have not provided evidence that you attempted to address them at the informal level, per the CCR, Title 15, Section 3084.3 (c) (4).

After review, there is no compelling evidence that warrants intervention at the Director's Level of Review as You may request the services of an outside consultant by following the directions in the CCR, Title 15, Section 3354(c). However, be advised all cost associated with an outside consultation, including evaluations, test, custodial supervision, transportation, etc., are the responsibility of the person requesting the outside evaluation.

## RULES AND REGULATIONS:

The rules governing these issues are:  California Code of Regulations, Title 15; Inmate Medical Services Program Policies and Procedures (2006); and the Department Operations Manual.

## ORDER:

No changes or modifications are required by the institution.

This decision exhausts your available administrative remedy within the CDCR.

N. Warren, Chief (Acting)
California Prison Health Care Services
Office of Third Level Appeals-Health Care

cc: Chief Executive Officer, LAC
     Health Care Appeals Coordinator, LAC


     DTS

original

1824  CDC 602 HC

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

## REASONABLE MODIFICATION OR ACCOMMODATION REQUEST

CDCR 1824 (Rev. 10/06)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: 18. ADA |
|---|---|---|

**NOTE:**  THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

| INMATE/PAROLEE'S NAME(PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| Darnell DUKES | E 56356 | — | — | C2-125L |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disibility shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.   If you do not agree with the decision on this form, you may pursue further review.  The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may pursue THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY: I received arthroscopic surgery in 2006 at P.V.S.P. however, in 2007(MRI) mentioned some metallic artifact present with the joints. also appeal # RJD-2-08-01078, states (MRI) did not show new rotator cuff teal, but did show a metal artifact likely from a clip to control bleeding left in the shoulder during surgery!!!

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?
See (medical files 3 to 4) it should also be noted: prison or medical officals may not interfere with or fail to carry out treatment, it should be known that medical necessity is defined as services reasonable and nessary to protect life, prevent significant illness or disability or alleviate severe pain!

DESCRIBE THE PROBLEM: (LAC) violates the (ADA) Plata settlement, etc. by allowing Dr. Fitter and others to make their own rules and policies by illegally discontinueing the much needed pain medication that i was on when i arrived here at (LAC) for the ▪▪ purpose of intentionally causing me extreme and unbearable pain, due to disability per: title 15. 3084.7.(K)

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED? That morphine be renewed ▪▪ Since, Dr. Fitter is allowed to play GOD with me by taking my morphine" illegally while metal is still in shoulder and it's "documented! i request a surgery within 30 days! and ▪ to be transfered to a medical facility to receive surgery and follow up physical therapy after removal of clip that was left inside my arm by surgeon! Thank You!c

| Donnell Dukes /E56356 | 1-7-10 |
|---|---|
| INMATE/PAROLEE'S SIGNATURE | DATE SIGNED |

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**
CDCR 1824 (Rev. 10/06)

Page 2 of 2

| REVIEWER'S ACTION |
|---|

**TYPE OF ADA ISSUE**

**DATE ASSIGNED TO REVIEWER:**
**DATE DUE:**

☐ PROGRAM, SERVICE, OR ACTIVITY ACCESS (Not requiring structural modification)

    ☐ Auxiliary Aid or Device Requested

    ☐ Other_____

☐ PHYSICAL ACCESS (requiring structural modification)

**DISCUSSION OF FINDINGS:** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

DATE INMATE/PAROLEE WAS INTERVIEWED _____    PERSON WHO CONDUCTED INTERVIEW

**DISPOSITION**

☐ GRANTED    ☐ DENIED    ☐ PARTIALLY GRANTED

**BASIS OF DECISION:** _____

_____

_____

_____

_____

_____

_____

**NOTE:** *If disposition is based upon information provided by other staff or other resources, specify the resource and the information provided. If the request is granted, specify the process by which the modification or accommodation will be provided, with time frames if appropriate.*

| DISPOSITION RENDERED BY (NAME) | TITLE | INSTITUTION/FACILITY |
|---|---|---|

| APPROVAL |
|---|

| ASSOCIATE WARDEN'S SIGNATURE | DATE SIGNED |
|---|---|

| DATE RETURNED TO INMATE/PAROLEE | |
|---|---|

RECEIVED
OTLA-HC
AUG 2 4 2010
HC APPEALS

STATE OF CALIFORNIA
**INMATE/PAROLEE HEALTH CARE
APPEAL FORM**
CDCR 602-HC (08/08)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CALIFORNIA PRISON HEALTH CARE SERVICES

Side 1

RECEIVED
OTLA-HC
AUG 2 4 2010
HC APPEALS

Location:  Institution/Parole Region:   Log #:                    Category:
1.  _Lac 25_           1.  _10-10312_        _8  meo_
2. _____       2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you.  This form shall be used when the policy, action or decision being appealed involves health care services (medical, dental, or mental health).  You must first informally seek relief through discussion with the appropriate staff member or by utilizing the health care service processes at your institution.  If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Health Care Appeals Coordinator within 15 days of the action taken.  No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Dokes, Darnell | E 56356 | | |

**A.  Describe Problem:**

CDC 1824 to 602-HC

If you need more space, attach one additional sheet.

**B.  Action Requested:**

CDC 1824 to 602-HC

Inmate/Parolee Signature: _____     Date Submitted: _____

**C.  INFORMAL LEVEL (Date Received _____):**
Staff Response:

BYPASS

Staff Signature: _____     Date Returned to Inmate: _____

**D.  FORMAL LEVEL:**
If you are dissatisfied, explain below, attach supporting documents (Health Care Service Request Form, CDC 7362, Comprehensive Accommodation Chrono, CDC 7410, Trust Account Statement, etc.) and submit for processing to the Health Care Appeals Coordinator at your location within 15 days of receipt of response.

BYPASS

Inmate/Parolee Signature : _____     Date Submitted: _____

RECEIVED JAN 2 0 2010 HC APPEALS

RECEIVED JAN 2 9 2009 HC APPEALS

RECEIVED FEB 2 4 2010 HC APPEALS

RECEIVED MAR 2 3 2010 HC APPEALS

RECEIVED OTLA-HC JUL 2 1 2010 HC APPEALS

**CDCR Appeal Number**

STATE OF CALIFORNIA
**INMATE/PAROLEE HEALTH CARE**
**APPEAL FORM**
CDCR 602-HC (08/08)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CALIFORNIA PRISON HEALTH CARE SERVICES

Side 2

---

**FIRST LEVEL:** ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other

**E. REVIEWER'S ACTION (Complete within 30 working days):** Date assigned: 3/24/10   Due Date: 4/8/10

Interviewed by:

RICHARD MEDRANO MD
PHYSICIAN
CSP-LAC

UHR review has determined that the requested services/procedures are neither medically necessary nor appropriate medical care at the present time since they do not meet CDCR policy/InterQual/evidence based medical literature medical necessity criteria or are not covered under Title 15. Therefore, the following are denied:

- wordrive
- surgery within 30/
- Transfer to a medical facility to get surgery
- surgery to repair weiral
Patient Refused Evaluation, walked out of exp hyperxm

Staff Signature: ___   Title: MD   Date Completed: 3/10/10

Division Head Approval
Signature: ___   Title: A. Adams, M.D., M.B.A.   Date Returned to Inmate: 3/15/10
Chief Physician & Surgeon
CSP - Los Angeles County

**F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit for processing to the Health Care Appeals Coordinator at your location within 15 days of receipt of response:**
dissatisfied, the reviewer has twisted reality by claiming that i walked out and re-
fused evaluation! the inhumane treatment at hand speaks for itself, there
is also nothing in the title 15. that justify cruel and unusual punishment
of deliberate indifference to serious medical needs such as mines! i am
in unbearable pain and being denied my right to entitled medical treatment!

Inmate/Parolee Signature: D. Dukes / see: attachment /   Date Submitted: 3-17-10

---

**SECOND LEVEL:** ☐ Granted   ☒ P. Granted   ☐ Denied   ☐ Other

**G. REVIEWER'S ACTION (Complete within 20 working days):** Date assigned: 3/23/10   Due Date: 4/10/10

☒ See Attached Letter
Signature: Finander MD   P. FINANDER, M.D.   Date Completed:
Chief Medical Officer

Health Care Services
Hiring Authority Signature: PF
   Title: CEO 7/(CA)   Date Returned to Inmate:

---

**H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response:**
dissatisfied, the chief medical officer/reviewer is in violation of title 15 time
limit for returning appeal and intentionally refused to sign date: returned and
date: completed which shows above the law justice by medical staff here at
(CSP-LAC) the (MRI) readings state's that clip should not be there! i arrived to (LAC)
on (Morphine) for stated reasons: ___
___ of (LAC) sugar-coated x-ray showing that i am suffering from pain!

Inmate/Parolee Signature: Dukes   Date Submitted: 5-18-10

---

For the Director's Review of Health Care issues, submit all documents to:   Office of Third Level Appeals – Health Care
P O Box 4038
Sacramento, CA 95812-4038

**DIRECTOR'S ACTION:** ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other
☐ See Attached Letter

Date: 1/20/10

S/o New Issue
Missive Attachment of x-rays

RJ 6-17-10
7/27/10 s/o twice
for scattachment
AR

A. Describe Problem; cont: Or the due administration of the Laws, in violation of the injunction in the class action Plata V. Schwarzenegger, case. penal code sections 132.(a)(1)(5), §2652; CCR 15 ART 8 §3350 (a)(b)(1)(3)(4)(5) CCR 15 ART 8 §3355.(b) and Jones V. Simek 193 F. 3d 485, 490 (7th Cir. 1999),

## Statement of Facts*
### History.

ON or about october 14, 2009 appellant transferred from Salinas Valley state prison to (CSP-LAC) after being under the care of (numerous) medical doctors, physical therapists, neurologists and pain specialists that all corroborated that it was and is "medically necessary" to proscribe appellant tylenol-3s gabapentin, tramadol and morphine due to the fact that he underwent surgery back in "2006" to repair his rotator cuff in the left shoulder. however, appellant has continued to experience a sharp burning pain. Subsequently in "2007" i was provided an "MRI" to determine the source of the sharp burning pain, to which the "MRI" detected the presence of a metal artifact likely to be a clip that was used to stop the bleeding was left in the shoulder.

ON or about June 10, 2007 i was handcuffed, beaten and hit in my head with batons and stomped out by untrained correctional officers, in which fourteen (14) months later i was finally sent out to a (Neurologist specialist) on or about august 21, 2008 to which tests determined that appellant has and still are suffering nerve damage in his head" and the neurologist ordered pain medication as the course of treatment. once appellant arrived here at (CSP-LAC) policy, rules, regulations, and procedures, were immediately violated as appellants pain medications were ordered discontinued within two weeks without the appropriate "Health care examinations", described as "Mandatory" in violation of CCR 15, Art 8 §3350.(a)(b)(1)(3)(4)(5). The Health care Appeals coordinator" P. Galbraith, has conspired with the (CMO) P. Finander M.D. and Dr. Chin M.D. to obstruct appellant 602 Health care appeal rights by authoring: "false documentary evidence" such as CDC-695 dated: 3-16-10 at "exhibit A" 695 dated 5-24-10 at exhibit "B" by relying on CCR 15 ART 8 §3084.3.(C)(2) as a blanket excuse to obstruct appellants "Medical due process rights"
see also: CDC-695 dated 6-24-10 at "exhibit C"; Violation of penal code sections: 134, 132.(a)(1)(5), 2652; as i am still being denied surgery pain medications and my right to appeal this issue;

B. Action Requested: someone other than (P. Galbraith) who can remain independ-
ent of this subject matter ...

Con't-on-rev-side→

602
Continued

The entire appeals process is prejudicially motivated and biased as well as seriously capricious. (See: Cohn v. Alvord, 162 Cal. App. 3d 176, 181; Sand v. Wainwright, 491 F.2d 417; Riveria v. Toft, 477 F.2d 534; Daughtery v. Harris, 476 F.2d 534;)

*Memorandum of Points & Authorities*

1). Under California law "a regulation adopted by a state administrative agency... has the force and effect of a statute", agricultural labor relations Board v. Superior court (1976) 16 Cal. 3d 392, 401.) moreover, CDCR-prisoners under both state and federal law "have a due process right to the enforcement of these statutes and regulations." (In re Head (1986) 42 Cal. 3d 223, 229-230 citing: Meachum v. Fano (1976) 427 U.S. 215, 226. Quoting: Montanye v. Haymes (1976) 427 U.S. 236, 242; see also: Vance v. Barrett, (9th Cir. (2003) 345 F.3d 1083, 1091 (failure on the part of state prisons personnel to follow established procedures of correctional agencies Violates prisoner's rights to due process of law) citing: Quick v. Jones, (9th Cir. 1985) 754 F.2d 1521, 1523) Further more, employees at every level at every prison throughout the entire system strictly follow and adhere to all of the CDCR's established internal operating procedures (I.e., DOM) and California Code of Regulations title 15. including those that govern the (CDCR's) grievance process for prisoners at DOM & 54100 et seq, and CCR 15, ART 8.33084, et seq, see: Alcaraz v. I.N.S. (9th Cir. 2004) 384 F.3d 1150, 1162 [where the rights of individuals are affected it is incumbent upon agencies to follow their own procedures"] Quoting: Morton v. Ruiz, 1974 415 U.S. 199 235 see also: Toussaint v. Rushen (N.D. Cal. 1983) 553 F. Supp. 1365, 1378 (the CDCR's "institution heads" have a state mandated duty to follow the rules and regulations prescribed by the Director for the administration of prisons" citing: In re French (1980) 106 Cal. App. 3d 74, 85 FN. 24. (The Director's rules are binding on all individual institutions"; Church of Scientology v. United States, (1990) 920 F.2d 1481, 1487 [an administrative agency is required to adhere to its own operating procedures]

*Conclusion*

Appellant's right to be free from cruel and unusual punishment as protected under the 8th Amendment to the State and federal U.S. Constitution and penal code Section 2652 has been deliberately violated by (C Mo) P. Finander, M.D. Dr. Chin, M.D. and P. Galbraith (HCAC). as appellant relies upon Jones v. Simek, 193 F.3d 485, 490 (7th Cir 1999)(in which the courts stated: prison Doctor's refusal to follow treatment advice of neurology specialists who were treating inmate could amount to deliberate indifference). appellant has been suffering severe pain in his left shoulder and his head as he suffers from nerve damage to his head. however, the doctor's noted supra has refused to review all of the substantial medical outcome data in his (UHR) presumably: Unit Health Record which substantiates why all previous prison doctor's and specialists has determined that Tylenol-3's, Tramadols, gabapentin and morphine were and still are Medically Necessary "as appellant has exhausted every alternative. medicine, service and course of treatment however, CSF-LAC medical doctor's without sufficient cause stops all of my appropriate pain management medications by citing "Not Medically Necessary" overruling all of the previous doctor's and specialists as Medically incompetent! appellant sought to exercise his right to appeal the doctor's actions pursuant to verse effect upon my welfare. but the health care Appeals coordinator P. Galbraith, has acted in concert with both named doctor's supra to conspire in reprisals against appellant in an effort to thwart his exhaustion of the 602-HC appeal as is mandated pursuant to the prison litigation reform act (PLRA §1997(e)(a)) causing appellant to remain in severe pain and suffering in violation of CCR 15, ART 8's 3350 (a)(1)(3)(4)(5) as well as CCR 15, ART 8's 3085 and DOM 54100.32, DOM 54100.8.1, DOM 54100.8, DOM 54100.2. DOM §51020.1. The afore mentioned employees were acting under the color of state law?..
DATED: JULY 16, 2010.

Respectfully, I remain in severe pain.
Darnell Dukes, F56356
DARNELL DUKES, F56356

STATE OF CALIFORNIA

J. Clark Kelso, Receiver

PRISON HEALTH CARE SERVICES



**Date:** 7/28/2010

**To:** DUKES, DARNELL (E56356)
California State Prison – LA County
P.O. Box 4670
Lancaster, CA 93539-4670

**Tracking/Log #:** LAC HC 10002856

The California Prison Health Care Services, Office of Third Level Appeals-Health Care (OTLA-HC), acts for the Director, California Department of Corrections and Rehabilitation (CDCR), at the third level of appeal. The OTLA-HC examines and responds to patient-inmate appeals that are submitted on an Inmate/Parolee Health Care Appeal Form (CDCR 602-HC) or Inmate/Parolee Appeal Form (CDC 602) after the institution has responded at the Second Level of Appeal.

Institution staff is available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor, Appeals Coordinator and Health Care Appeals Coordinator can answer any questions you my have regarding the appeal system to address your grievances.

The OTLA-HC has received an appeal from you and has determined that it does not comply with appeal procedures established in the California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

> This appeal has been screened-out twice for the exact same reason without the requested corrective action from you. Please be advised if you cannot comply with the instructions and you choose to submit your appeal again without complying with the instructions and you choose to submit your appeal will be considered exhausted, and your documents will not be returned to you.

> You added a new issue in Section H; please line out and initial the information/request regarding any new issue(s) (including but not limited to issues identified below) and resubmit your appeal, all supporting documentation including this letter, to the OTLA-HC for continued processing. Any new issue(s) needs to be resolved at the institution at the informal and formal levels before being reviewed by OTLA-HC. Missing the "See attachment." Please submit the attachment you refer to in section H, or line out and initial this section.

J. Walker, Chief
Office of Third Level Appeals-Health Care
California Prison Health Care Services

Note:
Please make the changes or corrections requested and resubmit the original appeal within fifteen working days. Once an appeal has been cancelled that appeal may not be resubmitted. However a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation decision is granted.

***PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE***

STATE OF CALIFORNIA

J. Clark Kelso, Receiver

PRISON HEALTH CARE SERVICES



**Date:**   6/17/2010

**To:**   DUKES, DARNELL (E56356)
California State Prison – LA County
P.O. Box 4670
Lancaster, CA 93539-4670

**Tracking/Log #:**   LAC HC 10002856 / LAC-25-10-10312

The California Prison Health Care Services, Office of Third Level Appeals-Health Care (OTLA-HC), acts for the Director, California Department of Corrections and Rehabilitation (CDCR), at the third level of appeal. The OTLA-HC examines and responds to patient-inmate appeals that are submitted on an Inmate/Parolee Health Care Appeal Form (CDCR 602-HC) or Inmate/Parolee Appeal Form (CDC 602) after the institution has responded at the Second Level of Appeal.

Institution staff is available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor, Appeals Coordinator and Health Care Appeals Coordinator can answer any questions you my have regarding the appeal system to address your grievances.

The OTLA-HC has received an appeal from you and has determined that it does not comply with appeal procedures established in the California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

You have added a new issue in Section H; if you would like to resubmit your appeal, please line out and initial the information/request regarding any new issue(s) (including but not limited to issues identified below) and resubmit y our appeal, all supporting documentation including this letter, to the OTLA-HC for continued processing. Any new issue(s) needs to be resolved at the institution at the informal and formal levels before being reviewed by OTLA-HC.

"however, this prison has an history of oppression, etc."

**STATE OF CALIFORNIA**

J. Clark Kelso, Receiver

PRISON HEALTH CARE SERVICES



Missing document in Sect H: Please submit Attachment of X-rays

S. Sunus

J. Walker, Chief
Office of Third Level Appeals-Health Care
California Prison Health Care Services

Note:
Please make the changes or corrections requested and resubmit the original appeal within fifteen working days. Once an appeal has been cancelled that appeal may not be resubmitted. However a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation decision is granted.

J. Walker, Chief
OTLA-HC
P.O. Box 4038
Sacramento, CA. 95812-4038

July 12, 2010.

RE: LAC HC 10002856/LAC-25-10-10312.
RE: your screening correspondence
Dated: 6-17-2010.

Dear J. Walker:
Respectfully on or about June 29, 2010, i received
your screening correspondence dated: 6-17-2010.
your directives has been followed. please note: the
missing document in section "H", of x-rays has been
requested pursuant to "INRE olsen" to which the "med-
ical records office" has yet to reply & or provide the
documents re: yours and my request, as to date to no
avail.    however, please see attached: a HC/physic-
ian request for services dated: 2/23/10 & 2/25/10.
that was denied. that reads: patient (Pt) reports
"MRI" shows metal impinging on nerves. Dr. chin.
reviewed the x-ray report that substantiates my
claim and the (CMO) P. Finander denied me my
surgery to have the "metal clip" removed and to
restore my morphine, because i refused (P.T.),
there is no use continuing (P.T.) when the (P.T.) is
ineffective in combatting this severe pain!
the (P.T.) is causing too much pain as i have already
completed (P.T.) in other institutions.
if your office conducted a "Miro Fic" disc research

OVER)
←

( CONT )                                →

of appeal log# R.J.D-2-08-01078, the findings will clearly articulate that the "MRI" does not show a new rotator cuff tear, but a metal artifact likely from a clip to control bleeding during surgery. the clip is the cause of my severe pain and suffering in my shoulder.

"for the record there is nothing wrong with my shoulder (L) (No stiff shoulder nor frozen) i can rotate fine," it is the clamp on the nerves causing this a severe pain".

Thank you for your courtesy and cooperation with respects to this matter. Kindest regards...

Dated: July 12, 2010.          Darnell Dukes. E56356.
                               Darnell Dukes. E56356.

NEW ADDITAL

## MEDICATION RECONCILIATION - ACTIVE MEDICATIONS AS OF 10/14/2009 9:10:09 PM

Patient (DOB): DUKES, DARNELL (8/8/1969)
CDCR#: E56356   Unit#: A3-126L

SALINAS VALLEY STATE PRISON

| | | Drug Name (Generic Name) | Start Date | Last Dispense | Expiration Date | Rx # - Doctor | Refills Left | Qty | Days |
|---|---|---|---|---|---|---|---|---|---|
| ☐ REFILLS: | ☐ PRN: | ☐ KOP ☐ STOP | COPPERTONE S/BL SPF 50 LOTION (oxybenzone/homosalate/octinoxate) SIG: APPLY TO SKIN DAILY BEFORE GOING OUTDOORS "REQUEST REFILL" "KOP" -- KOP | 7/20/2009 | 9/1/2009 | 10/18/2009 | 356034649-2 DANIAL-MD, M. | 10 | 120 | 7 |
| ☒ REFILLS: | ☒ PRN: ☒ KOP | ☐ KOP ☐ STOP | DAILY-VITE TABLET (multivitamins) SIG: TAKE 1 TABLET BY MOUTH EVERY DAY AUTO REFILL "KOP" -- KOP | 7/17/2009 | 9/9/2009 | 10/15/2009 | 356033755-3 DANIAL-MD, M. | 0 | 30 | 30 |
| ☐ REFILLS: | ☐ PRN: | ☐ KOP ☐ STOP | DIPHENHYDRAMINE 50 MG CAPS (diphenhydramine hcl) SIG: TAKE 3 CAPSULES (150MG) ORALLY AT BEDTIME "DOT-AR " DOT | 8/24/2009 | 9/21/2009 | 11/22/2009 | 356042806-2 CRAYTON-NHH, E. | 1 | 90 | 30 |
| ☒ REFILLS: | ☐ PRN: | ☐ KOP ☐ STOP | GABAPENTIN 300 MG CAPSULE UD (gabapentin) SIG: TAKE 1 CAPSULE BY MOUTH EVERY NIGHT AT BEDTIME "DOT" "OPEN AND FLOAT) NON-FORMULARY" APPROVED UNTIL 9/21/10 AUTO REFILL "DOT" | 9/21/2009 | 12/20/2009 | 12/20/2009 | 356043396-1 DANIAL-MD, M. | 2 | 30 | 30 |
| ☒ REFILLS: N·A | ☐ KOP ☐ STOP | | ORAMORPH SR 15 MG TABLET UD (morphine sulfate) SIG: TAKE 15MG TABLET SR BY MOUTH TWICE A DAY FOR 90 DAYS "DOT" -- MAR ONLY | 7/20/2009 | 7/20/2009 | 10/18/2009 | 352002380-1 DANIAL-MD, M. | 0 | 180 | 90 |

F/u pull MD in 5dax
T.O. PA OllikanMM MD

⑤ ONLY CHANGE OR PROCESS CHECKED PRESCRIPTIONS

NEW PRESCRIPTION:

W. OLUKANMI, PAC
PHYSICIAN ASSISTANT

10/14/09 1120

Address: NKA

_____   _____   _____
SUBSTITUTION PERMITTED   W. OLUKANMI, PAC
SIGNATURE   PHYSICIAN ASSISTANT
   DATE   PROV#   DISPENSE AS WRITTEN
   SIGNATURE   DEA# REQUIRED FOR
   CONTROLLED SUBSTANCES

····· SEND TO PHARMACY ONCE COMPLETE ·····

RECEIVED
MEDICATION RECONCILIATION
JUN 8 2010